[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISQUALIFY DEFENDANTS' COUNSEL
Talcott Mountain Science Center for Student Involvement, Inc., the plaintiff in the above-captioned action, has moved pursuant to Rule 3.7 of the Rules of Professional Conduct to disqualify the law firm of Levy 
Droney, P.C. and four lawyers now or formerly associated with that firm from representing the defendants, Abington Limited Partnership, Michael Konover, Victoria Konover and VMK, Inc. (collectively "Abington"), in the pretrial proceedings and trial. The plaintiff asserts that the lawyers are necessary witnesses at trial and that they should be disqualified pursuant to Rule 3.7. CT Page 8063
In its third amended complaint, filed on December 5, 2001, the plaintiff alleges that five lawsuits and administrative proceedings brought against it by the defendants constituted vexatious litigation.
At a case management conference conducted by this court on October 15, 2001, the parties agreed that if the fifth count of the complaint were severed and tried first, the remaining claims were likely to be resolved by settlement.
In the fifth count, the plaintiff asserts that on June 18, 1992, defendant Abington Limited Partnership brought an action against it challenging, among other things, the plaintiffs right of access over Montevideo Road to reach property on which the plaintiff had built a science center. They allege that this suit was resolved in the plaintiffs favor at trial and upon appeal to the Supreme Court and that it was "commenced and prosecuted by Abington without probable cause and with malicious intent unjustly to vex and trouble [the plaintiff] in violation of Conn. Gen. Stat. § 52-568 and the common law." The plaintiff dubs the suit at issue in the fifth count the "Second Road Easement Case," having alleged in Count One that Abington Limited Partnership, along with other parties, had brought a similar suit, referred to as the "First Road Easement Case," that it withdrew on the same day that it commenced the Second Road Easement Case.
Trial in the present case is scheduled to commence on July 15, 2003. At oral argument on the motion to disqualify, counsel for the defendants agreed that the scope of the evidence in the trial of the fifth count would include evidence that is also relevant to the first count, which alleges that an earlier easement case was also an instance of vexatious litigation. The defendants have alleged reliance on advice of counsel as a defense to the claim made in Count One.
The case that has been referred to as the Second Road Easement Case was tried without a jury before the undersigned, and the court is therefore very familiar with the issues involved in that case.
The court takes judicial notice that Attorneys Jeffrey Mirman and Lisa Zacardelli were trial counsel for Abington in that case.
In its fourth special defense, which is addressed to Count One, the defendants allege that "Michael Konover, as agent for the Defendants Abington, Victoria M. Konover and/or as an officer of the Defendant VMK, Inc., acted in good faith and consulted with, among others, attorneys Peter N. Upton and Herbert G. Isaacson, both attorneys at law . . . before commencing the First Road Easement Case." They allege that they CT Page 8064 relied on the legal advice of attorneys Isaacson and Upton in deciding to bring that case.
In its eighth special defense, Abington alleges that "Mr. Konover, as an officer of the general partner of Abington. consulted with Attorneys Peter N. Upton and Herbert C. Isaacson" in commencing the Second Road Easement Case and that he "consulted with Attorneys Upton and Isaacson and with attorney Jeffrey J. Mirman . . . who continued to advise that the Second Road Easement Case should be prosecuted." The defendants allege in their special defenses to count one that "Attorneys Upton and Isaacson had independent knowledge about the title to the Science Center's property, the uses made of that property, and certain restrictions contained within deeds of conveyance involving the property." They alleged in their eighth special defense that "Attorneys Upton and Isaacson, who had handled the prior action, had their own independent knowledge of the relevant facts and the governing law, and had conducted their own research and investigations with respect to the relevant issues."
It is undisputed that all three of the lawyers specifically identified in the defendants' special defenses are or were associated with the law firm of Levy Droney, P.C. The special defenses make no reference to reliance on the advice or counsel of any other lawyer at that firm; however, they do not allege that no other lawyer at Levy Droney, P.C. assisted in investigating or researching the issues or in advising Abington concerning the grounds for bringing and pursuing the challenge to the easement.
Standard of review
Rule 3.7 of the Connecticut Rules of Professional Conduct provides:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9. CT Page 8065
Rule 1.7 provides in pertinent part:
 (b) a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation. . . .
Rule 1.9, which is concerned with representation of persons with positions adverse to a lawyer's former client, is not applicable.
The Connecticut Supreme Court has interpreted Rule 3.7 to require an attorney to withdraw "if he . . . reasonably foresees that he will be called as a witness to testify on a material matter." (Emphasis in original.) State v. Crespo, 246 Conn. 665, 685, n. 14, cert. denied,525 U.S. 1125 (1998), quoting State v. Webb, 238 Conn. 389, 417 (1996).
In deciding motions to disqualify counsel, a court must be "solicitous of a client's right freely to choose his counsel," American HeritageAgency, Inc. v. Gelinas, 62 Conn. App. 711, 725, cert. denied,257 Conn. 903 (2001), and must consider that a client whose counsel is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of the continuing relationship; however, it must also consider the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc.,189 Conn. 504, 507 (1983), overruled in part on other grounds,Burger Burger, Inc. v. Murren, 202 Conn. 660 (1987).
Is any lawyer from Levy Droney, P.C. a necessary witness?
Abington does not contest that by asserting that it brought its suits concerning the road easement against the plaintiff upon the advice of counsel, it has put the substance of that advice squarely at issue and has waived the attorney-client privilege concerning the communications that led to the initiation and continued pursuit of the case. Hunt v.Blackburn, 128 U.S. 464, 470, 32 L.Ed. 488, 9 S.Ct. 125 (1888);Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., 249 Conn. 36,53 (1999).
Since the issue raised in the special defense is the central matter of the basis for filing a suit that is claimed to be vexatious, the issue CT Page 8066 about which the lawyers' testimony is likely to be sought is not merely formal or insubstantial.
Abington asserts, however, that the lawyers on whom it allegedly relied are not necessary witnesses. Though Abington may certainly favor restricting proof of its special defense to Konover's testimony concerning the lawyers' advice, fairness requires that the plaintiff be able to present the testimony of the other witnesses with knowledge of the facts that relate to this special defense, namely, the lawyers who allegedly gave the advice that there was probable cause to bring an action. Abington has alleged in its special defenses, moreover, that Attorneys Upton and Isaacson had knowledge of facts and governing law that was independent of Mr. Konover's knowledge, and they have identified no witness other than the attorneys themselves who could testify to the truth of that allegation.
This court finds that there are no equivalent alternative witnesses to the facts alleged in the defendants' special defenses and that the named lawyers are necessary witnesses. The lawyers are likewise necessary witnesses on the issue of what information Abington provided in seeking legal advice and what motivations it articulated as the reasons for bringing suit or pursuing the suit in a particular way.
The court finds that all lawyers who participated in investigating and evaluating the defendants' claims against the plaintiff or in advising the defendants that probable cause existed are necessary witnesses in this case.
Is disqualification warranted?
An attorney who is a necessary witness at trial cannot serve as trial counsel because of the difficulties presented in simultaneously testifying and fulfilling such advocacy functions as objecting to questions of opposing counsel and posing questions on cross-examination. Rule 3.7 cures this logistical problem by permitting non-witness lawyers from the same firm to act as trial counsel unless the whole firm must be disqualified pursuant to Rule 1.7.
Jeffrey Mirman, Herbert Isaacson and Peter Upton are necessary witnesses, and they are therefore disqualified as trial counsel. The plaintiff correctly observes that Abington may not limit the proof by limiting the lawyers named in its special defense but then present evidence that it relied on the work product of other lawyers as well. The plaintiff has, however, had ample time to depose those representatives of Abington who gave information to counsel and received advice, a process that would have yielded the names of any other lawyers who are necessary CT Page 8067 witnesses. Since only Attorneys Mirman, Upton and Isaacson have been identified as having had a role that makes them necessary witnesses, only they are disqualified as trial counsel.
The plaintiff seeks additionally to disqualify Attorney Lisa Zaccardelli from acting as an advocate at trial. The defendants have not alleged in their special defense that they relied on her advice or that she furnished them with her own investigations or legal research with regard to their decision to bring and pursue the easement issue. Though the defendants have stipulated that Attorney Zaccardelli assisted Attorney Mirman at trial, the court has no basis for determining that she advised the client as well as assisting at trial, or even when her participation began. The court does not find, on the basis of the evidence presented, that Attorney Zaccardelli is a necessary witness.
of course, if Abington has failed to identify in its special defenses all lawyers on whose work product and advice it relied, and if it proceeds with trial counsel who turns out to be a necessary witness, it risks disqualification of such counsel at trial. Since the defendants are able to determine which lawyers were involved in advising them and investigating the grounds for the suit at issue, if they choose to rely at trial on an advocate who turns out to be a necessary witness, the court is likely to view such an event as a circumstance of their own making that would not lead to a continuance of the trial.
Disqualification of the law firm
The plaintiff further asserts that disqualification of specific lawyers who are necessary witnesses is not sufficient, but that all lawyers at Levy Droney, P.C. must be disqualified from representing Abington. Before the Rules of Professional Conduct were amended in 1986, they provided that if one lawyer in a firm was disqualified, the whole firm was disqualified. The present drafting of Rule 3.7 represents a significant change, by which only the disqualified lawyer is prohibited from serving as a trial advocate. W. Horton K. Knox, 1A Connecticut Practice, p. 78 (4th Ed. 1998).
Under the approach to disqualification now mandated in Rules 3.7(b) and 1.7(b), the reason for disqualification of an entire law firm is a conflict between the client's position and the lawyer's or law firm's responsibilities to another client or its own interests in the matter at issue. This court has no way of knowing the content of the testimony of the lawyers who investigated the issues concerning the road easement nor the content of their advice to Abington or the other defendants. At the hearing on this motion, however, counsel for Abington represented that the defendants had seen the motion to disqualify. Attorney Mirman further CT Page 8068 assured the court that the testimony from lawyers who are or were associated with Levy Droney, P.C. had no potential to be adverse to the position that Abington takes in its special defenses invoking reliance on the advice of counsel.
Even if the law firm and the clients were shown to have such competing interests, Rule 1.7 permits continued representation at trial if the lawyer reasonably believes that the representation will not be adversely affected and the client consents after consultation. Other lawyers who have appeared on behalf of the defendants attended the hearing on the motion for disqualification, and they are amply able to advise the defendants concerning any hazards from conflicting interests. The defendants plainly have had an opportunity to investigate the existence of any conflict with lawyers from Levy Droney, P.C. and have not brought in new counsel.
Levy Droney, P.C. has a material interest in avoiding a finding that it advised Abington to bring suit when the circumstances did not constitute probable cause to do so. Failure to advise Abington of its exposure to a claim for vexatious litigation or bringing suit under circumstances that exposed Abington to a valid claim for vexatious litigation could be the basis for a legal malpractice claim by Abington against the lawyers that advised it. Though the law firm clearly has an interest of its own in avoiding such a claim, it is not an interest that is adverse to Abington's own interest. Both the client and the law firm share an interest in establishing that the suit was brought upon probable cause. The plaintiff has not identified a scenario in which the law firm's desire to protect its own interest might be in conflict with Abington's interests, since prevailing on Abington's behalf is the surest way for Levy Droney, P.C. to avoid claims against it by Abington concerning the quality of its legal services.
There exists a possibility, particularly before a jury, that Levy 
Droney's participation as trial counsel in a case in which the trial counsel's colleagues are witnesses will raise skepticism. A trier of fact might well adjust the weight to be given to testimony elicited from one Levy Droney lawyer from another Levy Droney lawyer. Since Rule 3.7 has been amended to permit counsel from the same firm as the attorney-witness to serve as trial counsel, it does not appear that this disadvantage can be viewed as substantial enough to require disqualification of the law firm as a whole.
The plaintiff cites Times Fiber Communications, Inc. v. TrilogyComms., Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0552603, 1996 Conn. Super. LEXIS 3119 (November 20, 1996), in which Judge Aurigemma disqualified an entire law firm when CT Page 8069 some of its members were necessary witnesses. In that case, the law firm had allegedly engaged in misconduct in using material from a deposition in violation of a confidentiality agreement as the basis for a suit against the non-party deponent's employer. The court found that the law firm's motivation to avoid charges of misconduct against itself constituted a conflict of interest with the client's interests and that the firm could not be reasonably expected to provide the client with an unbiased assessment of the conduct of the attorneys who had engaged in the conduct at issue.
By contrast, in the case before this court, there is no conflict in motivation between the law firm and the client, as they share an interest in establishing that probable cause existed.
The court concludes that Attorneys Mirman, Upton and Isaacson are disqualified from serving as trial counsel, but that with the caveat stated above, other counsel at Levy Droney, P.C. are not disqualified from serving as trial counsel.
Disqualification of Lawyer-Witnesses in Pretrial Proceedings
Though Rule 3.7 specifies only that a lawyer who is determined to be a necessary witness "shall not act as advocate at a trial at which the lawyer is likely to be a necessary witness," the plaintiff asserts that Attorneys Mirman, Upton and Isaacson should also be disqualified from representing Abington in pretrial proceedings. The Rules of Professional Conduct carefully and purposively distinguish between circumstances in which a lawyer cannot represent a party at all and circumstances in which the attorney is limited only in specific ways. Rules 1.7, 1.9 and 1.10 state that an attorney "shall not represent" a client in specified situations of conflict of interest. Rule 3.7 does not, on its face, preclude all representation; rather, it precludes only acting as an advocate at trial.
The general principles that apply to construction of statutes logically apply to construction of regulations and to regulation of attorneys in rules of professional conduct. Preston v. Department of EnvironmentalProtection, 218 Conn. 821, 829 n. 9 (1991); Dugas v. Lumbermens MutualCasualty Co., 217 Conn. 631, 641 (1991). It is appropriate to look to the words of Rule 3.7 itself, which describe a limited, not a total disqualification, and to contrast this limited language to the expansive language in other provisions of the Rules of Professional Conduct to determine the intent of the judges of the Superior Court in enacting them. Doe v. Doe, 244 Conn. 403, 424-428 (1998). The amendment of Rule 3.7 cited above is another reason for viewing its plain language as the product of a choice to limit the role of a witness-attorney only to the CT Page 8070 extent actually stated.
Rule 3.7 authorizes only disqualification from serving as an advocate at trial, and the court finds that there is no basis for imposing a broader disqualification than the rule provides.
Conclusion
The motion to disqualify Attorneys Mirman, Isaacson and Upton from serving as advocates for all defendants at trial is granted. The other disqualifications sought by the movant are denied.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court